# COVINGTON & BURLING LLP

THE NEW YORK TIMES BUILDING
620 EIGHTH AVENUE
NEW YORK, NY 10018-1405
TEL 212.841.1000
FAX 212.841.1010
WWW.COV.COM

BEIJING
BRUSSELS
LONDON
NEW YORK
SAN DIEGO
SAN FRANCISCO
SILICON VALLEY
WASHINGTON

July 23, 2012

**BY HAND DELIVERY**

The Honorable Eric N. Vitaliano
United States District Judge
Eastern District of New York
United States Courthouse
225 Cadman Plaza East
Brooklyn, New York 11201

        Re:   U.S. v. Dan Rubin
              Cr. No. 04-232 (ENV)

Dear Judge Vitaliano:

      I represent the defendant Dan Rubin in connection with the above-referenced matter. I submit this letter to inform the Court of the proposed settlement of Mr. Rubin's restitution obligations in this case, and seek the Court's approval of that settlement. The government has no objection to the relief sought herein.

Background

      As the Court is aware, Mr. Rubin was sentenced on May 30, 2008, based upon his plea of guilty to Counts 1 and 5 of the superseding indictment in this case. After extended post-sentencing proceedings, on January 15, 2009 the Court entered an amended judgment (the "Amended Judgment"), imposing on Mr. Rubin the obligation to make restitution of $1,544,588. *See* Exhibit A hereto. This amount consisted of $1,219,707 in principal and $324,881 in pre-judgment interest. *See id.* at 6-7. The Amended Judgment also required Mr. Rubin to pay post-judgment interest at the statutorily-prescribed rate. *See id.* at 6, n.2.

      The principal amount of Mr. Rubin's restitution obligation was satisfied in full through the use of the $2,000,000 in funds that Mr. Rubin forfeited as part of his plea and sentence. Mr. Rubin liquidated or otherwise transferred a substantial portion of his assets to generate the funds necessary to make that payment, and made that payment in 2007 in accordance with the terms of his plea agreement.

NY: 767824-7

COVINGTON & BURLING LLP

The Honorable Eric N. Vitaliano
July 23, 2012
Page 2

  As it turned out, the $2,000,000 in forfeited funds was not available to be used to satisfy the pre-judgment interest portion of Mr. Rubin's restitution obligation, as this use of funds was not authorized under Department of Justice regulations. *See* 28 C.F.R. § 9.8(b). Mr. Rubin was not aware of this at the time of his plea. To the contrary, at that time, Mr. Rubin understood that the $2,000,000 forfeiture payment represented the total amount that he would be obligated to pay in connection with the resolution of his case and that he would not have to pay any restitution-related sums over and above that amount. *See* Exhibit B hereto (March 28, 2007 plea agreement) at ¶ 6 ("The defendant shall pay the Forfeiture Money Judgment of $2,000,000 in cash on or before July 1, 2007, subject to all the provisions of this agreement....The Office agrees that it will not seek restitution in addition to the Forfeiture Money Judgment."); *see also* Exhibit C hereto (transcript of May 30, 2008 sentencing proceeding) at 47 (Mr. Pagan (for Mr. Rubin): "...is there a way for the Court to recognize or issue an order that says that the $2 million that he's put into forfeiture is to be used for the purpose of restitution...?" The Court: "...I can't order it. It is my understanding from what I've heard so far, no one has actually said it in haec verba, but it seems to me that the intent seems to be to make this forfeiture order available exactly for that purpose." Ms. Nandan (for the government): "Correct, Your Honor...."); Exhibit D hereto (transcript of July 31, 2008 restitution hearing) at 8 (The Court: "As you know, Mr. Rubin pleaded guilty pursuant to a plea agreement. Under the terms of that agreement, the government agreed not to seek restitution beyond, and the only monetary result, if you will, of the crime of the offense charged was the forfeiture judgment in the amount of $2 million, which I understand the government's position is they are going to seek, to the extent possible, that money available for restitution pursuant to the ordinary rules, which means, as I understand it, a reference to the Attorney General at some point.").

  When the undersigned counsel (who was retained late last year for purposes of representing Mr. Rubin in connection with the restitution matter described herein) discovered the foregoing, efforts were made to determine whether -- in light of these unusual circumstances -- the forfeited funds could be applied by the government at this time to satisfy Mr. Rubin's pre-judgment interest obligation -- a procedure that would require the approval of the Department of Justice's Asset Forfeiture and Money Laundering Section in Washington, D.C. Despite what I understand to be the good faith efforts of the U.S. Attorney's Office, those efforts proved unavailing.

The Proposed Settlement

  As a result of these circumstances, Mr. Rubin has been left with a substantial payment obligation over and above what he anticipated at the time of his plea. To be clear, Mr. Rubin has no intention or desire to withdraw that plea. But he has what he believes is a credible challenge the enforceability of his pre-judgment restitution interest obligation. And he currently does not have the financial means to fully satisfy his ever-growing restitution interest obligation, which

COVINGTON & BURLING LLP

The Honorable Eric N. Vitaliano
July 23, 2012
Page 3

now amounts to $386,366. At the same time, he does wish to resolve this matter in a manner that is satisfactory to all concerned.

To the end, Mr. Rubin has reached an agreement in principle with all five of the victims in this matter, pursuant to which each of them will receive 62.5% of the total amount of both pre- and post-judgment interest that is due and owing to them under the Amended Judgment. The amounts to be paid to each victim is set forth in the enclosed summary chart (*see* Exhibit E hereto) and totals $241,479.21. Of this amount, $11,675 has already been paid to the Clerk of the Court by Mr. Rubin and one of his co-defendants, and Mr. Rubin intends to borrow the funds necessary to pay the remaining amount of $229,804.21, in full, within thirty (30) days of the Court's approval of this settlement. The obvious advantage of such a resolution is that it would provide substantial funds to the five victims in this case -- and would do so now, in a lump-sum fashion, rather than over an extended period of time, and in amounts that are dependent upon and limited by Mr. Rubin's personal ability to pay.

I am informed by the government that a proposed settlement of the restitution obligations in this case would have to be global - i.e., the proposed settlement, if approved, would also absolve Mr. Rubin's co-obligors/defendants, Dan Nourani and Glen Santha, of any further obligation to pay restitution. We respectfully submit that the proposed settlement remains a fair and appropriate resolution of the victims' restitution claims: I understand that Mr. Nourani has minimal ability to pay and has been making payments of only $236 a month, and that Mr. Santha is now living in Canada and not making any restitution payments and that it is unrealistic to expect any meaningful (if any) future payments from him. Under these circumstances, Mr. Rubin is prepared to shoulder the responsibility of funding the entire settlement payment, as described above.

I have discussed the proposed settlement with Assistant United States Attorney Bonni Perlin, who has informed me that the government has no objection to Mr. Rubin's request that the Court approve the proposed settlement described herein.

COVINGTON & BURLING LLP

The Honorable Eric N. Vitaliano
July 23, 2012
Page 4

Conclusion

    For all of the foregoing reasons, we respectfully request that the Court approve the proposed settlement. A proposed order is enclosed with this letter (*see* Exhibit F hereto).

Respectfully submitted,

Alan Vinegrad

Enclosures

cc (by e-mail, w/enclosures):

    Bonni Perlin, Esq.
    (for the United States)

    Andre Toce, Esq.
    (for Dixie Chris OMNI, LLC)

    Edward Gartenberg, Esq.
    (for Global Wireless Systems, Inc.)

    Ira Shepard, Esq.
    (for Hitachi High Technologies America, Inc.)

    Martin Sklapsky, Esq.
    (for International Money Systems)

    Ron Ordway
    (for Video Display Corp.)